UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| **MARY LOU SCHROEDER,** | **CASE NO. 14-CV-416** |
| Plaintiff, | |
| v. | |
| **MILWAUKEE PAIN TREATMENT CENTER, LLC,** | **JURY TRIAL DEMANDED** |
| **DAVID I. STEIN,** | |
| and | |
| **SHARON STEIN,** | |
| Defendants. | |

## COMPLAINT

### PRELIMINARY STATEMENT

1. Plaintiff Mary Lou Schroeder brings this action against her former employers, Milwaukee Pain Treatment Center, LLC, David I. Stein, and Sharon Stein for violations of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, and Wisconsin wage and hour laws. By and through their policies and practices, Milwaukee Pain Treatment Center, LLC, David I. Stein, and Sharon Stein failed to compensate Mary Lou Schroeder at a rate of one and one-half times her regular rate in workweeks in which Milwaukee Pain Treatment Center, LLC, David I. Stein, and Sharon Stein suffered or permitted Mary Lou Schroeder to work in excess of forty hours. In addition, Milwaukee Pain Treatment Center, LLC, David I. Stein, and

Sharon Stein unlawfully retaliated against Mary Lou Schroeder in violation of the FLSA by terminating her when she asked for overtime compensation.

2. Plaintiff Mary Lou Schroeder brings this action pursuant to the FLSA for purposes of obtaining relief for unpaid overtime compensation, unpaid wages, back pay, liquidated damages, costs, attorneys' fees, injunctive relief, and/or any such other relief that the Court may deem appropriate. In addition, Mary Lou Schroeder brings this action pursuant to Wisconsin wage and hour laws, Wis. Stat. §§ 109.01 *et seq.*, 104.001 *et seq.*, 103.01 *et seq.*, Wis. Admin. Code §§ DWD 272.001 *et* seq., and DWD 2740.01 *et seq.* for purposes of obtaining relief for unpaid overtime compensation, unpaid wages, back pay, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief that the Court may deem appropriate.

3. Defendants Milwaukee Pain Treatment Center, LLC, David I. Stein, and Sharon Stein's willful failure to compensate Mary Lou Schroeder for her work over forty hours at the overtime premium pay rate violates the FLSA and Wisconsin state law.

## JURISDICTION AND VENUE

4. The Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. §§ 201 *et seq.*

5. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, as they are so related in this action within such

original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) in the U.S. District Court for the Eastern District of Wisconsin because a substantial part of the events giving rise to the claims occurred within the District and Milwaukee Pain Treatment Center, LLC, David I. Stein, and Sharon Stein are headquartered in and have substantial and systematic contacts in this District.

## PARTIES

7. Defendant Milwaukee Pain Treatment Center, LLC is a Wisconsin Limited Liability Company with its principal place of business in Milwaukee County at 5400 N. 118th Court, Milwaukee, Wisconsin 53225. Milwaukee Pain Treatment Center, LLC's registered agent for service of process is David I. Stein, located at 5400 N. 118th Court, Milwaukee, WI 53225.

8. Defendant David I. Stein is an owner of Milwaukee Pain Treatment Center, LLC. On information and belief, David I. Stein oversees the day-to-day operations and has control over the compensation practices and human resources of Milwaukee Pain Treatment Center, LLC.

9. Defendant David I. Stein is an adult resident of Wisconsin and resides at 10425 W. Hawthorne Road, Mequon, Wisconsin 53097.

10. On information and belief, Sharon Stein is an owner of Milwaukee Pain Treatment Center, LLC who oversees the day-to-day operations and has

3

control over the compensation practices and human resources of Milwaukee Pain Treatment Center, LLC.

11. Defendant Sharon Stein is an adult resident of Wisconsin and resides at 10425 W. Hawthorne Road, Mequon, Wisconsin 53097.

12. Joinder of Defendants is proper pursuant to Fed. R. Civ. P. 20(a)(2) because Plaintiff's rights to relief are asserted against Defendants arising out of the same series of occurrences and common questions of law and fact.

13. Milwaukee Pain Treatment Center, LLC, David I. Stein, and Sharon Stein are joint employers and hereinafter collectively referred to as "Defendants."

14. Plaintiff Mary Lou Schroeder ("Schroeder") is an adult resident of Milwaukee County, Wisconsin.

## GENERAL ALLEGATIONS

15. Schroeder is a former employee of Defendants who worked as a Medical Technologist.

16. Schroeder worked for Defendants from on or about May 24, 2013, until approximately November 27, 2013.

17. Defendants suffered or permitted Schroeder to work as a Medical Technologist from approximately May 24, 2013 until November 27, 2013.

18. Defendants agreed to pay Schroeder an annual salary of $74,000.00 for her work as a Medical Technologist for Defendants.

4

19. Schroeder has not completed three academic years of pre-professional study in an accredited college or university plus a fourth year of professional course work in a school of medical technology approved by the Council of Medical Education of the American Medical Association.

20. In many workweeks between May 24, 2013 and November 27, 2013, Defendants suffered or permitted Schroeder to work in excess of forty hours in a workweek.

21. Despite working in excess of forty hours in many workweeks while employed by Defendants, Defendants did not pay Schroeder at a rate of one and one-half times her regular rate for hours worked in excess of forty hours in any given workweek.

22. Between approximately May 24, 2013 and November 27, 2013, Defendants deducted amounts from Schroeder's pay for hours in which Schroeder did not work – such as days when Milwaukee Pain Treatment Services, LLC's office was closed or partial day absences by Schroeder.

23. On information and belief, Defendants failed to keep records of all hours in which Plaintiff Schroeder was suffered or permitted to work for Defendants between approximately May 24, 2013 and November 27, 2013.

24. Defendants' conduct, as set forth in this Complaint, was willful and in bad faith and has caused significant damages to Plaintiff.

25. On information and belief, David I. Stein was involved in the management, supervision, and oversight of Milwaukee Pain Treatment Center,

LLC between approximately May 24, 2013 and November 27, 2013 and had the ability to hire and fire employees; was involved in and had control over employee compensation, benefits decisions, and policy making; was involved in Milwaukee Pain Treatment Center, LLC's day-to-day functions; had a role in determining employee rates of pay; and had control over classification of individuals who perform work for Milwaukee Pain Treatment Center, LLC.

26. On information and belief, Sharon Stein was involved in the management, supervision, and oversight of Milwaukee Pain Treatment Center, LLC between approximately May 24, 2013 and November 27, 2013 and had the ability to hire and fire employees; was involved in and had control over employee compensation, benefits decisions, and policy making; was involved in Milwaukee Pain Treatment Center, LLC's day-to-day functions; had a role in determining employee rates of pay; and had control over classification of individuals who perform work for Milwaukee Pain Treatment Center, LLC.

27. On information and belief, David I. Stein and Sharon Stein specifically were involved in the decisions not to pay overtime compensation to Schroeder and to make deductions from Schroeder's pay for hours not worked from approximately May 24, 2013 until November 27, 2013.

**FIRST CLAIM FOR RELIEF**
**Violations of the Fair Labor Standards Act – Unpaid Overtime**

28. Schroeder reasserts and incorporates by reference all previous paragraphs as if they were set forth herein.

29. Between approximately May 24, 2013 and November 27, 2013, Schroeder has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq*.

30. Between approximately May 24, 2013 and November 27, 2013, Milwaukee Pain Treatment Center, LLC was an employer of Schroeder within the meaning of the FLSA, 29 U.S.C. § 203(d), (g).

31. Since January 1, 2013, Milwaukee Pain Treatment Center, LLC has been and continues to be an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

32. Between approximately May 24, 2013 and November 27, 2013, David I. Stein was an employer of Schroeder within the meaning of the FLSA, 29 U.S.C. § 203(d),(g).

33. Between approximately May 24, 2013 and November 27, 2013, Sharon Stein was an employer of Schroeder within the meaning of the FLSA, 29 U.S.C. § 203(d),(g).

34. Between approximately May 24, 2013 and November 27, 2013, Schroeder was not an exempt registered or certified medical technologist within the meaning of 29 C.F.R. § 541.301(e)(1).

35. Schroeder is a victim of Defendant's compensation policies and practices in violation of the FLSA, by Defendants' failure to account for and compensate Schroeder for all work performed, including payment of overtime

premium compensation for each hour worked in excess of forty hours in each workweek.

36. The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of good for commerce. 29 U.S.C. § 207(a)(1).

37. Defendants were and are subject to the overtime pay requirements of the FLSA because Defendants are an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined by the FLSA, 29 U.S.C. § 203(b).

38. Defendants' failure to properly compensate Schroeder was willfully perpetrated. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and as a result thereof, Schroeder is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above, pursuant to 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendants did not act willfully in failing to pay overtime premium wages, Schroeder is entitled to an award of pre-judgment interest at the applicable legal rate.

39. As a result of the aforementioned willful violations of the FLSA, overtime compensation has been unlawfully withheld by Defendants from Schroeder for which Defendants are liable pursuant to 29 U.S.C. § 216(b).

40. Schroeder is entitled to damages equal to the amount of unpaid wages owed and the mandated overtime premium pay within the three years preceding the date of the filing of this Complaint, plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard for whether its conduct was prohibited by the FLSA.

41. Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

## **SECOND CLAIM FOR RELIEF**
**Violations of Wisconsin Law – Unpaid Overtime Provisions**

42. Schroeder reasserts and incorporates by reference all previous paragraphs as if they were set forth herein.

43. Between approximately May 24, 2013 and November 27, 2013, Schroeder was an employee within the meaning of Wis. Stat. § 109.01(1r).

44. Between approximately May 24, 2013 and November 27, 2013, Schroeder was an employee within the meaning of Wis. Stat. § 103.001(5).

45. Between approximately May 24, 2013 and November 27, 2013, Schroeder was an employee within the meaning of Wis. Stat. § 104.01(2)(a).

46. Between approximately May 24, 2013 and November 27, 2013, Milwaukee Pain Treatment Center, LLC was an employer of Schroeder within the meaning of Wis. Stat. § 109.01(2).

9

47. Between approximately May 24, 2013 and November 27, 2013, Milwaukee Pain Treatment Center, LLC was an employer of Schroeder within the meaning of Wis. Stat. § 103.001(6).

48. Between approximately May 24, 2013 and November 27, 2013, Milwaukee Pain Treatment Center, LLC was an employer of Schroeder within the meaning of Wis. Stat. § 104.01(3)(a).

49. Between approximately May 24, 2013 and November 27, 2013, Milwaukee Pain Treatment Center, LLC was an employer of Schroeder within the meaning of Wis. Admin. Code § DWD 272.01(5).

50. Between approximately May 24, 2013 and November 27, 2013, Milwaukee Pain Treatment Center, LLC was an employer of Schroeder within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq*.

51. Between approximately May 24, 2013 and November 27, 2013, David I. Stein was an employer of Schroeder within the meaning of Wis. Stat. § 109.01(2).

52. Between approximately May 24, 2013 and November 27, 2013, David I. Stein was an employer of Schroeder within the meaning of Wis. Stat. § 103.001(6).

53. Between approximately May 24, 2013 and November 27, 2013, David I. Stein was an employer of Schroeder within the meaning of Wis. Stat. § 104.01(3)(a).

54. Between approximately May 24, 2013 and November 27, 2013, David I. Stein was an employer of Schroeder within the meaning of Wis. Admin. Code § DWD 272.01(5).

55. Between approximately May 24, 2013 and November 27, 2013, David I. Stein was an employer of Schroeder within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq*.

56. Between approximately May 24, 2013 and November 27, 2013, Sharon Stein was an employer of Schroeder within the meaning of Wis. Stat. § 109.01(2).

57. Between approximately May 24, 2013 and November 27, 2013, Sharon Stein was an employer of Schroeder within the meaning of Wis. Stat. § 103.001(6).

58. Between approximately May 24, 2013 and November 27, 2013, Sharon Stein was an employer of Schroeder within the meaning of Wis. Stat. § 104.01(3)(a).

59. Between approximately May 24, 2013 and November 27, 2013, Sharon Stein was an employer of Schroeder within the meaning of Wis. Admin. Code § DWD 272.01(5).

60. Between approximately May 24, 2013 and November 27, 2013, Sharon Stein was an employer of Schroeder within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq*.

61. Between approximately May 24, 2013 and November 27, 2013, Defendants failed to pay Schroeder overtime premium compensation for all hours worked in excess of forty hours a workweek, in violation of Wisconsin law.

62. Wis. Stat. § 109.03 requires payment of all wages earned by the employee to a day not more than thirty-one days prior to the date of payment.

63. The foregoing conduct, as alleged above, constitutes willful violations of Wisconsin law.

64. As set forth above, Schroeder has sustained losses in her compensation as a proximate result of Defendants' violations. Accordingly, Schroeder seeks damages in the amount of her respective unpaid compensation, injunctive relief requiring Defendants to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Schroeder may be entitled to liquidated damages equal and up to fifty percent of her unpaid wages.

65. Schroeder seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to Wisconsin wage laws.

### THIRD CLAIM FOR RELIEF
**Violations of the Fair Labor Standards Act – Anti-Retaliation Provisions**

66. Plaintiff Schroeder reasserts and incorporates by reference all previous paragraphs as if they were set forth herein.

67. In an email on Wednesday, November 13, 2013, Plaintiff Schroeder requested to speak to Sharon Stein regarding several areas of concern with her employment.

68. On or about November 14, 2013, Plaintiff Schroeder met with David I. Stein and Sharon Stein. During the course of their meeting, Plaintiff Schroeder notified David I. Stein and Sharon Stein that Defendants could not deduct pay from her salary when Milwaukee Pain Treatment Services, LLC's office was closed or for partial day absences to attend doctor's appointments if Plaintiff Schroeder was a salaried exempt employee.

69. During their meeting on or around November 14, 2013, Plaintiff Schroeder also notified David I. Stein and Sharon Stein that if Plaintiff Schroeder was not considered a salaried exempt employee, then Plaintiff Schroeder must be paid overtime for work performed in excess of forty hours in a workweek.

70. On or around November 15, 2013, David I. Stein informed Schroeder via a letter that was dated November 10, 2013 that her scheduled hours were being reduced to less than forty hours per week and that she would be paid on an hourly basis starting the week of November 18, 2013.

71. On or around November 27, 2013, David I. Stein terminated Schroeder from her employment as a Medical Technologist for Defendants.

72. At the time of Schroeder's termination, Defendants knew that Schroeder had asserted her rights under the FLSA by making an oral complaint regarding Defendants' pay practices of not paying overtime and making deductions from her salary on or around November 14, 2013.

73. Section 215(a)(3) of the FLSA prohibits any person from discharging or in any manner discriminating against any employee because such employee made any complaint to protect his/her rights under the FLSA.

74. Schroeder's oral complaint regarding Defendants' pay practices of making deductions from Schroeder's salary and failing to pay overtime constitutes a protected activity under the FLSA.

75. Defendants' act of reducing Schroeder's hours is an unlawful act of retaliation in response to Schroeder asserting her rights under the FLSA.

13

76. Defendants' act of terminating Schroeder's employment is an unlawful act of retaliation in response to Schroeder asserting her rights under the FLSA.

77. Schroeder has suffered economic damages in the loss of wages due to Defendants' unlawful reduction of her hours.

78. Schroeder has suffered economic damages in the loss of wages due to Defendants' unlawful termination of her employment.

79. Schroeder has suffered emotional distress arising out of her termination and loss of income.

## REQUEST FOR RELIEF

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a) An Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendants' actions as described in the Complaint as unlawful and in violation of Wisconsin Law and applicable regulations and as willful as defined by Wisconsin Law;

b) An Order finding that Defendants violated the FLSA and Wisconsin wage and hour laws;

c) An Order finding that Defendants violations of the FLSA and Wisconsin law were willful;

d) An Order finding that Defendants violated the FLSA's anti-retaliation provisions as set forth in 29 U.S.C. § 215(a)(3);

e) Judgment against Defendants in the amount equal to the Plaintiff's unpaid wages at the applicable agreed upon rates and overtime rates for all time spent performing work for which Plaintiff was not paid pursuant to the rate mandated by the FLSA and/or Wisconsin law;

f) Judgment against Defendants in the amount equal to Schroeder's lost wages in back pay and front pay;

14

g) An award of compensatory damages in an amount that the Court deems just and reasonable for Defendants' violations of 29 U.S.C. § 215(a)(3);

h) An award of punitive damages in an amount that the Court deems just and reasonable for Defendants' violations of 29 U.S.C. § 215(a)(3);

i) An award in the amount of all liquidated damages and penalties as provided under the FLSA and Wisconsin law;

j) An award in the amount of all costs and attorneys' fees incurred in the course of prosecuting these claims as well as pre-judgment and post-judgment interest; and

k) Such other relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff Schroeder hereby requests a jury trial pursuant to FED. R. CIV. P. 38(b).

Dated this 10th day of April, 2014.

          Respectfully submitted,

          s/ Larry A. Johnson
          Larry A. Johnson
          SBN 1056619
          Summer H. Murshid
          SBN 1075404
          Timothy P. Maynard
          SBN 1080953

          **Hawks Quindel, S.C.**
          222 East Erie Street
          Suite 210
          P.O. Box 442

Milwaukee, WI 53201-0442
Telephone: (414) 271-8650
Fax: (414) 271-8442
Email(s):  ljohnson@hq-law.com
          smurshid@hq-law.com
          tmaynard@hq-law.com